UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DARREN GABRIEL LACHANCE,<br>                 Petitioner,<br>v.<br>HAROLD WICKHAM, *et al.*,<br>                 Respondents. | Case No. 3:17-cv-00689-MMD-WGC<br><br>ORDER |

This habeas matter under 28 U.S.C. § 2254 comes before the Court on Petitioner's application to proceed *in forma pauperis* (ECF No. 2) and Motion for Appointment of Counsel (ECF No. 3).

The filing fee has been paid, and Petitioner apparently is submitting the pauper application in order to establish financial eligibility for appointment of counsel under 18 U.S.C. § 3006A(a)(2)(B). The pauper application is incomplete, however; and the application accordingly fails to demonstrate financial eligibility on the incomplete showing made. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, a petitioner must attach both a properly executed financial certificate and an inmate account statement for the past six months. Petitioner attached only a financial certificate. That certificate reflects, *inter alia*, average monthly deposits of $275.00 for the prior six months. Without the further information in the inmate account statement as to the source and regularity of the deposits, and given the additional circumstance discussed below, the Court is unable to determine Petitioner's financial eligibility on the incomplete material provided.

The uncertainty as to Petitioner's financial eligibility for appointment of counsel left by the pauper application is compounded by the fact that Petitioner secured the assistance of an attorney to prepare both the federal petition and the motion for appointment of counsel. (*See* ECF No. 1 at 27; ECF No. 3 at 2.) The possibility that Petitioner may have more financial resources available to him than a typical inmate coupled with the further fact that he actually has been able to secure assistance from counsel leaves a question, on the current incomplete record, as to whether Petitioner is financially eligible for the appointment of counsel.

The motion for appointment of counsel further vaguely asserts: "Finally there is a potential ground having to do with both trial counsel and post-conviction counsel's failure to interview and present a key percipient witness's testimony." (ECF No. 3 at 2.) Petitioner maintains that he therefore needs the Federal Public Defender to reinvestigate the facts of the case. Given the likely exhaustion and procedural default issues involved in presenting an entirely new claim for the first time on federal habeas review, Petitioner must provide more specifics as to the potential new ground. That is, he must present sufficient specifics for the Court to conclude that federal habeas counsel potentially would be able to demonstrate that state post-conviction counsel provided inadequate assistance of counsel in failing to investigate and present a substantial ground of ineffective assistance of trial counsel in failing, in turn, to investigate and present the witness's testimony at trial. *See generally Martinez v. Ryan*, 566 U.S. 1 (2012). Federal habeas review otherwise is limited to only the claims exhausted in the state courts and, on those claims, further to the record presented to the state courts when they adjudicated the merits of the claims. *See, e.g., Cullen v. Pinholster*, 563 U.S. 170 (2011). Appointment of federal habeas counsel to develop wholly new claims thus is the exception rather than the rule. Therefore, for the Court to consider appointing of counsel in this regard, Petitioner must present more than a vague assertion that there is a potential ground having to do with a failure to investigate and present a key witness's testimony. He must present specifics, including the witness's identity, anticipated testimony, and relevance.

1 | The Court therefore will deny both the pauper application and the motion for appointment of counsel without prejudice on the showing made. Petitioner will have sixty (60) days within which to present a new and properly completed pauper application with all required attachments along with a new motion for appointment of counsel. If he does not do so within the period allowed, the Court thereafter will direct service upon respondents for a response with the matter then going forward as a proper person proceeding.

It therefore is ordered that Petitioner's application to proceed *in forma pauperis* (ECF No. 2) and his Motion for Appointment of Counsel (ECF No. 3) are denied without prejudice. Petitioner will have sixty (60) days within which to dispatch a new and properly completed pauper application with all required attachments along with a new motion for appointment of counsel.

It further is ordered that petitioner must attach with any new motion for appointment of counsel that he files copies, if then available to him, of his state post-conviction petition and any supplements filed by counsel setting forth his claims in the state district court.

The Clerk of Court will send Petitioner two copies of a pauper application form for an inmate along with one copy of the instructions for the form.

DATED THIS 23rd day of April 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3