1
2
3                    UNITED STATES DISTRICT COURT
4                           DISTRICT OF NEVADA
5                                 * * *
6    DARREN GABRIEL LACHANCE,                 Case No. 3:17-cv-00689-MMD-WGC
7                              Petitioner,                ORDER
8         v.
9    HAROLD WICKHAM, *et al.*,
10                           Respondents.

11   **I.      SUMMARY**

12         This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Petitioner

13   Darren Gabriel LaChance, a Nevada prisoner who is proceeding *pro se*. Currently before

14   the Court is Respondents' Motion to Dismiss Ground 5 of LaChance's Petition for Writ of

15   Habeas Corpus (ECF No. 1) ("Motion"). (ECF No. 17) LaChance did not oppose this

16   motion and the deadline for doing so has expired.[1] For the reasons discussed below,

17   Respondents' Motion is granted.

18   **II.     BACKGROUND**[2]

19         LaChance challenges a conviction, pursuant to a jury verdict, and sentence

20   imposed by the Second Judicial District Court for Washoe County ("state court") for

21   domestic battery by strangulation, battery causing substantial bodily harm, false

22   ─────────────────
23         [1]LR 7-2 of the Local Rules of Civil Practice provides that failure to file points and
     authorities in opposition to a motion constitutes a consent that the motion be granted. LR
24   7-2(d); *cf. Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow the district
     court's local rules is a proper ground for dismissal). Pursuant to the Local Rules, any
25   response to Respondents' motion was due by April 1, 2019. *See* LR 7-2(b). LaChance
     initially sought and was granted an extension of time (ECF Nos. 26–27); however, he later
26   withdrew his request for an extension (ECF No. 28). Although no response was filed, the
     Court will address the merits of the motion to ensure a complete record.
27
         [2]This procedural history is derived from the exhibits located at ECF Nos. 18–22 and
28   24 on the Court's docket.

imprisonment, and unlawful taking of a motor vehicle.[3] Prior to trial, Washoe County District Attorney filed a notice of intent to seek designation of LaChance as a "Habitual Criminal pursuant to NRS § 207.010 and NRS § 207.016." (ECF No. 19-12.) On November 8, 2012, the state court entered a judgment of conviction, adjudging LaChance as a habitual criminal under NRS § 207.010. (ECF No. 19-21.) LaChance appealed.

In his direct appeal, LaChance raised one issue relevant to Respondents' motion: the state court committed plain, reversible error and violated his Fifth, Sixth, and Fourteenth Amendment rights to a fair trial and to due process of law, when it allowed habitual offender proceedings to occur without an information and without an arraignment thereon. (ECF No. 20-6 at 30–34.) In April 2014, the Nevada Supreme Court affirmed LaChance's convictions. (ECF No. 20-21.)

LaChance filed a filed a state petition for writ of habeas corpus ("state petition") seeking post-conviction relief in June 2014. (ECF No. 20-33.) The state petition was denied, and LaChance appealed. The Nevada Supreme Court affirmed the denial of relief (ECF No. 22-12), and the remittitur issued on January 30, 2017 (ECF No. 22-23).

LaChance filed the *pro se* federal petition initiating this case on November 22, 2017. (ECF No. 1). The petition alleges five grounds for relief in total. Respondents' motion challenges one of those five grounds, arguing cognizability.

## III. DISCUSSION

### A. Cognizability – Ground 5

The Antiterrorism and Effective Death Penalty Act ("AEDPA") "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). When conducting habeas review, a federal court is limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Estelle*

---

[3]The jury also convicted Petitioner of (i) possession of a controlled substance for the purpose of sale and (ii) possession of a controlled substance, but the conviction for possession of a controlled substance was later overturned on direct appeal on double jeopardy grounds. (ECF No. 20-21; *see also* Amended Judgment, ECF No. 20-39.)

*v. McGuire*, 502 U.S. 62, 67–68 (1991). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable in federal habeas. *McGuire*, 502 U.S. at 68.

Federal habeas relief is unavailable "for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). A petitioner "cannot, merely by injecting a federal question into an action that asserts it is plainly a state law claim, transform the action into one arising under federal law." *Caterpillar v. Williams*, 482 U.S. 386, 399 (1987); *accord Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) (holding that federal habeas courts lack jurisdiction "to review state court applications of state procedural rules") (quoting *Langford v. Day*, 110 F.3d 1380, 1381 (9th Cir. 1996) (habeas petitioners may not "transform a state law issue into a federal one merely by asserting a violation of due process")). To state a cognizable federal habeas claim based on state sentencing error, a petitioner must allege that the error was "'so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation'." *Richmond v. Lewis*, 506 U.S. 40, 50 (1992) (quoting *Lewis*, 497 U.S. at 780). A state court's misapplication of its own sentencing laws does not violate due process thereby justifying federal habeas relief unless the petitioner can show "fundamental unfairness." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994).

Ground 5 claims the state court "committed reversible error and violated Petitioner's Fifth, Sixth and Fourteenth Amendment right to a fair trial and to due process of law, when it allowed habitual offender proceedings to occur without an information and without an arraignment thereon." (ECF No. 1 at 25–27.) LaChance contends that NRS § 207.016(2) requires prosecutors to file an information before sentencing that charges an offense pursuant to NRS §§ 207.010, 207.012, or 207.014. Because the prosecutors merely filed a "notice" in his case, to which the state court and defense counsel agreed, LaChance claims the lack of an information allegedly violated his constitutional rights.

Respondents argue that Ground 5 presents a purely state law issue under Nevada's habitual criminal sentencing statutes, and therefore is not a cognizable federal habeas claim. (ECF No. 17.) Although the petition claims a violation of LaChance's rights

to a fair trial and due process in the heading of Ground 5, Respondents contend that the petition fails to provide further analysis or support from federal case law to federalize his claim. They argue that LaChance instead relies on Nevada cases and statutes, attempting to mask the fact that Ground 5 is a state law issue with general assertions of Fifth, Sixth, and Fourteenth Amendment violations.

The Court finds that Ground 5 is not cognizable in federal habeas because it presents a purely state law claim and conclusory allegations. LaChance cites two federal cases to support Ground 5 but doing so does not convert the claim to a cognizable federal claim.[4] Ground 5 does not allege a fundamental unfairness or any other arbitrary or capricious action. *See Richmond*, 506 U.S. at 50; *Christian*, 41 F.3d at 469. Although he uses the phrase "due process," the core of LaChance's claim is that the Nevada Supreme Court misinterpreted NRS §§ 207.010 and 207.016. *E.g.*, *Lacy v. Lewis*, 123 F. Supp. 2d 533, 551 (C.D. Cal. 2000) ("Merely adding the phrase 'due process' to state law claims does not transform those claims into federal claims; rather, they remain state law claims 'dressed up' as federal due process claims.") Accordingly, Ground 5 fails to state a cognizable claim for federal habeas relief.

## IV.    CONCLUSION

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 17) is granted. Ground 5 of LaChance's Petition for Writ of Habeas Corpus (ECF No. 1) is dismissed.

It is further ordered that Respondents have until April 3, 2020, to file and serve answer the remaining grounds of LaChance's petition.

It is further ordered that LaChance has 30 days from service of the answer to mail a reply to the Clerk of Court for filing.

---

[4]*See Smith v. United States*, 360 U.S. 1, 9 (1959) (holding that a grand jury indictment is required in federal prosecutions); *United States v. Lopez-Vasquez*, 1 F.3d 751, 753–55 (9th Cir. 1993) (holding that a deportee's waiver of his right to judicial review of a deportation order issued in an administrative proceeding "must be considered and intelligent") (en banc).

All other instructions set forth in the scheduling order (ECF No. 8) remain in effect.

DATED THIS 3rd day of February 2020.

_____

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE